By the Court.—Reynolds, J.
The appellant is right in the position, that as a general rule the indorser of a note payable to the order of another, is presumed to have intended to become liable as second indorser, and is not liable upon the note to the payee, who is supposed to be the first indorser. But this presumption may be rebutted by showing that the indorsement was made to give the maker credit with the payee; in which case the party so making it became liable as first indorser (Coulter v. Richmond, 59 N. Y. 478).
That is what is substantially alleged in the complaint in this action. It is stated that the defendant, Jennie Shepard, at the time of the making of the note, indorsed the same for the purpose of giving credit thereto, and that said note was delivered so indorsed to the plaintiffs. In such connection, the allegation that the indorsement was for the purpose of giving credit to the note, must mean that it was to give the maker credit with the payee, that is, she became security for the maker. The case is thus brought within a line of decisions, one of which is cited above.
The further allegations of the complaint show the consideration for the contract thus made by said defendant, and that the contract was made in such form as to bind her, a married woman. It is alleged that the consideration of the note was for the benefit of her estate, and that by the indorsement she charged her separate estate with the payment of the note. These ! facts, if proved, establish her liability (See Yale v. Dederer, 18 N. Y. 265 ; 22 Id. 450; Owen v. Cawley, 36 Id. 600 ; Ballin v. Dillaye, 37 Id. 35).
The judgment should be affirmed.
McCue, J., concurred.